ELMER McCOIN v. STATE.

No. A-4648. Opinion Filed Nov. 29, 1924.
(230 Pac. 757.)

(Syllabus.)

Larceny—Evidence Sustaining Conviction. In a prosecution for the larceny of a horse, evidence held to warrant a conviction.

Appeal from District Court, Pittsburg County; Harve L. Melton, Judge.

Elmer McCoin was convicted of larceny of live stock, and he appeals. Affirmed.

W. J. Hulsey and B. S. Null, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Elmer McCoin, was convicted of larceny of live stock, and, in accordance with the verdict of the jury, was sentenced to imprisonment in the penitentiary for a term of five years. He has appealed from the judgment to this court, but there has been no appearance in his behalf on his appeal.

The information charged the defendant with the larceny of a horse, in Pittsburg county, on or about the 15th day of December, 1922, the property of one A. C. Johnson. The evidence shows that the defendant and his wife came to the home of Claud Giboney, about the 1st of October, and wanted to

work for their board.  After staying there about two weeks, the defendant told Giboney that he was going to work at a sawmill, and left.  He came back and told Giboney that he was going to Stringtown for the sawmill people.  His wife remained at Giboney's until the following night, when she slipped away, without anybody knowing that she was gone, or where she was going.  A few days later the defendant and his wife with a black horse appeared at the home of Frank Donham, near Daisy, in Atoka county, and stayed there for several weeks.

Donham offered him $25 for the black horse.  The defendant said:

"Take a friend's advice, and lay off that horse, it is a wet horse."

In about a month the defendant traded the horse to Charley Allman for a sorrel.  Donham told the defendant that it was not a good trade, and the defendant said:

"Well, he had a horse now he could ride down the road anywhere, and wasn't ashamed to meet anybody; that he could not ride that black horse anywhere."

A. C. Johnson, owner of the alleged stolen horse, lived at Haileyville, and worked at mine No. 7, north of Hartshorne, on the night shift, driving to his work, and putting his horse in the shed.  He missed his horse the next morning. He traced the horse to the home of Frank Donham.  The horse was later found in the possession of the man the defendant traded with. The evidence further shows that a horse had been fed in the woods about 50 yards from Giboney's house the night the defendant's wife slipped away from Giboney's.

On the part of the defense, Lettie McCoin, wife of the defendant, testified that she was living with her husband near Daisy in Atoka county, when her husband was arrested for

stealing the big black horse they had; that her husband bought this horse from a horse jockey near Adell, in Atoka county; that she was with him when he bought the horse, and her husband paid the man $25 for the horse; that they kept the horse at Frank Donham's until he traded it. The defendant did not testify.

The errors assigned question the sufficiency of the evidence to sustain the verdict and judgment. While the evidence of the defendant's guilt, relied on by the prosecution, was wholly circumstantial, it is difficult to understand on what theory the defendant could base any hope of securing a reversal by an appellate court on the ground of want of evidence, after a verdict of guilty had been returned by the trial jury upon the consideration of the evidence in this case.

The record shows that the defendant had a fair trial. In our opinion the verdict was as favorable to the defendant as the law and the testimony warranted. The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.